### McCARTHY BROS. COMPANY v. O. C. HANSON and Others.[1]

#### January 31, 1908.

#### Nos. 15,301—(40).

Action in the district court for Otter Tail county to recover $1,500 on a promissory note. The case was tried before Baxter, J., who directed the jury to return a verdict in favor of plaintiff for $1,590. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*M. J. Daly* and *John B. Thompson,* for appellants.

*A. L. Brice,* for respondent.

PER CURIAM.

Plaintiff prayed judgment on a promissory note executed by defendants, dated August 1, 1902, for $1,500. So far as involved in this appeal, the answers set forth that at the time of the execution of the note its maker was not indebted to plaintiff in any amount whatever, but that it was made to take the place of a bond otherwise required by plaintiffs of their agents (grain dealers); that thereafter, and before the beginning of the suit, the defendant Hanson was indebted to the plaintiff in the sum of $5,500, for which he delivered four notes, of $1,000 each, secured by a mortgage, and his personal note for $1,500, in full settlement of all claims and demands of plaintiffs. The reply alleged that defendant Hanson was also indebted to the plaintiffs at the time of the commencement of the action, in addition to the note sued on, in the sum of $6,713.02.

On trial the note, dated August 1, 1902, was introduced in evidence. Plaintiff rested. Testimony was introduced, which included a letter written by defendant Hanson to the plaintiffs in which he urged them not to press matters with his sureties and made a proposition to plaintiffs to pay the indebtedness in a specific manner. In part it read: "I have troubles enough.

---

[1] Reported in 114 N. W. 1132.

* * * If you do push my sureties, don't look to me to do my level best in trying to get even with you. While being a fool in the grain business, I have learned some things, though they have cost me much." The trial court directed a verdict for the plaintiff. This appeal was taken from an order denying a motion for a new trial.

The only question presented is whether the action of the trial court in directing a verdict should be sustained. No controversy of law is involved. It would serve no useful purpose to detail in the evidence. In brief, plaintiff made out a prima facie case by the introduction of the note. On the one hand defendant introduced some testimony "lending aid and color" to the defense. It was in a measure impeached. On the other hand, defendant's own admission, direct and convincing proof, and a strong inference from books of account as testified to and from circumstances, opposed it. Plaintiff's motion to direct a verdict raised a question whether the defense had borne the burden of rebutting plaintiff's prima facie case. The trial court, which has heard and seen the witnesses, concluded that defendant had not borne that burden, and that a verdict for defendant could not have been sustained. Within the familiar rule on that subject, that conclusion must be affirmed.